IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. )
) CASE NO. CR408-312
GUO HUA JIANG, )
)
Defendant. )
)

## O R D E R

Before the Court is the Government's Motion for a Preliminary Order of Forfeiture. (Doc. 68). Defendant has agreed to the forfeiture in his plea agreement. (Guo Hua Jiang Plea Agreement at 3.) For the reasons set forth below, the Government's motion is **GRANTED**.

1. As a result of the guilty plea to Count One of the November 11, 2008 Indictment, for which the government sought forfeiture pursuant to 18 U.S.C. § 982(a)(6) and 8 U.S.C. § 1324(b), Defendant Guo Hua Jiang shall forfeit to the United States any property constituting, derived from, or traceable to the proceeds obtained directly or indirectly from the commission of the offense charged and any property used to facilitate, or intended to be used to facilitate, the commission of the offense charged. Specifically, Defendant shall forfeit $75,000.00 in United States Currency ("the Currency") in lieu of forfeiting the following real and personal properties: (1) 407 Roberts Way,

Rincon, Georgia, (2) 128 Whitehall Avenue, Rincon, Georgia, and (3) a 2005 Toyota Sienna, VIN 5TDZA23C05S292954.

2. The Court has determined, based on evidence in the plea agreement and presented at the May 22, 2009 change of plea hearing, that the property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(6) and 8 U.S.C. § 1324(b), and that the government has established the requisite nexus between the property and the offense to which Defendant entered a plea of guilty.

3. Upon entry of this Order, United States Customs and Border Protection, or an authorized designee, is authorized to seize the subject property.

4. The United States Attorney for the Southern District of Georgia is authorized to conduct any discovery proper in identifying, locating, or disposing of the Currency subject to forfeiture in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States shall publish notice of the Order and its intent to dispose of the Currency in such a manner as the United States may direct. The United States may also, to the

extent practicable, provide written notice to any person known to have an alleged interest in the Currency.

7. Pursuant to 21 U.S.C. § 853, any person, other than the above named Defendant, asserting a legal interest in the Currency may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Currency and for an amendment of the Order of Forfeiture.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2).

9. Any petition filed by a third party asserting an interest in the Currency shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstance of the petitioner's acquisition of the right, title or interest in the Currency, any additional facts supporting the petitioner's claim and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition,

discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Currency following the Court's disposition of all third party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is **DIRECTED** to forward **four (4)** certified copies of this Order to Assistant United States Attorney Jessica L. McClellan, United States Attorney's Office for the Southern District of Georgia, 100 Bull Street, Suite 201, Savannah, Georgia 31401.

SO ORDERED this 17th day of June, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA